**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

BETHANY ANDERSON, on behalf of themselves and others similarly situated; CHRIS DAVIS, on behalf of themselves and others similarly situated,

Plaintiff,

v.

VGW HOLDINGS US, INC.; VGW US, INC.; VGW LUCKYLAND, INC.; VGW GP LTD.; VGW HOLDINGS PTY LTD.; VGW GAMES LTD.,

Defendants.

Civ. No. 6:26-cv-00109-AP

**ORDER**

---

AIKEN, District Judge:

Before the Court is a Findings and Recommendation ("F&R") filed by Magistrate Judge Amy E. Potter, ECF No. 38. Judge Potter recommends that the Court GRANT Defendants' Motion to Compel Arbitration, ECF No. 24. For the reasons explained below, the Court ADOPTS Judge Potter's F&R, ECF No. 38, in full.

## LEGAL STANDARDS

Under the Federal Magistrates Act, a court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 150. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

Here, no party filed objections to the F&R, which were due November 12, 2026. The Court has reviewed the Complaint, the Motions, and the related filings and finds no error. Accordingly, the Court adopts Judge Potter's F&R in full. And, upon granting a motion to compel arbitration, a district court must stay the relevant court proceedings. 9 U.S.C. § 3; *see also Smith v. Spizzirri*, 601 U.S. 472, 476–78 (2024).

## CONCLUSION

For the reasons explained above, Judge Potter's F&R, ECF No. 38, is ADOPTED. Defendant's Motion to Compel Arbitration, ECF No. 24, is GRANTED. This case is STAYED pending the outcome of arbitration. The parties are directed to notify the Court within fourteen days of the arbitrator's final decision so the Court may then proceed with the case's disposition.

It is so ORDERED and DATED this 17th day of November 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge